## LOWE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1922. Rehearing Denied October 9, 1922.)

No. 3766.

1. **Criminal law ⬅1169(12)—Admission of testimony as to liquor in defendant's home harmless, in view of witness' statement.**

That government's witness, on prosecution for possessing and transporting intoxicating liquor, was permitted to state that there was liquor in defendant's home, *held* harmless; witness having added the statement that it was not for this liquor that defendant was arrested and prosecuted.

2. **Intoxicating liquors ⬅238(1)—Evidence of unlawful possession and transportation held sufficient for jury.**

Evidence on prosecution for unlawfully possessing and transporting intoxicating liquor *held* sufficient to warrant denial of motion for directed verdict of not guilty.

3. **Witnesses ⬅52(7)—Wife of defendant in prosecution may not testify for him.**

There is no error in refusing to permit wife of defendant, on prosecution for violating Prohibition Law, to be a witness for or against him.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Bob Lowe was convicted of violation of the Prohibition Law (41 Stat. 305), and brings error. Affirmed.

Nels Jacobson, of Portland, Or., for plaintiff in error.

Lester W. Humphreys, U. S. Atty., and Austin F. Flegel, Asst. U. S. Atty., both of Portland, Or.

Before ROSS, MORROW, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was convicted and sentenced under two counts of an indictment, the first of which alleged in substance that on April 29th, at Hog Hollow, in Clackamas county,

Or., he knowingly and unlawfully had in his possession a certain quantity of intoxicating liquor fit for beverage purposes, to wit, corn whisky; and the second count alleged in substance that at the same time and place he knowingly and unlawfully transported the same liquor. A fine having been imposed by the judgment brought for review, upon each count of the indictment, the plaintiff in error assigns as error the overruling by the trial court of a motion made by him to strike out the testimony of the witness Flanders, the overruling of a motion made at the close of the government's case for a directed verdict of not guilty, and the exclusion of any testimony of the wife of the defendant to the indictment.

Flanders, it appears from the bill of exceptions, was the federal prohibition agent at Portland, Or., in charge of the enforcement of the National Prohibition Act in that state, and he testified, among other things, that on May 25, 1920, he made a search of the place of C. A. Worthington at Hog Hollow, Clackamas county, where he found a complete still, 90 gallons of mash, and about 1 gallon of finished product; the still being of the capacity of 4 or 5 gallons of finished product per day. The witness was then shown a certain check, designated in the record "Government's Identification 1," which he identified, saying that he got the check on May 27th from the State Bank of Portland, on which it was drawn.

That check, which was dated March 1, 1920, and was for the sum of $178.50, the defendant himself testified, in his own behalf, "represented money that he loaned to Worthington to enable Worthington to make a first payment on an automobile; that it was given to Worthington at witness' restaurant in the city of Portland; that he never had in his possession, at Hog Hollow or anywhere in that vicinity, on or about the 29th day of April, 1920, any intoxicating liquor fit for beverage purposes; and that he never transported intoxicating liquors fit for beverage purposes, or intoxicating liquors containing more than one-half of 1 per cent. alcohol by volume to or from Hog Hollow or any other place, knowingly or unknowingly."

[1] On the cross-examination of the witness he was asked whether he had ever found any liquor in the defendant's possession at his home, and the witness having said, against the objection and exception of the defendant's counsel, that there was liquor in Lowe's home, added in his testimony that it was not for that liquor that the defendant was arrested and prosecuted. We see no error in the ruling of the trial court regarding the matter, to the prejudice of the plaintiff in error.

[2] It is enough, to show that the court below did not err in refusing to grant the motion for a directed verdict of not guilty, to quote a little from the testimony of the witness Worthington, who testified among other things as follows:

"That he is a farmer living on his farm about 4 miles east and northeast of Oregon City; that he engaged in the operation of a still off and on for about 4 months, beginning about the 1st of the year 1920, and that he manufactured during that time about 25 gallons of liquor; that he sold the liquor to the defendant; that the defendant came to his place after it in an automobile; that he paid $15 a gallon for the first 10 gallons, and $20 a gallon after that; that the liquor was put in 5-gallon kegs, which the witness bought or ordered

and the defendant brought out; that the defendant came to his place, all told, four times; the first time he got about 4 gallons, the second time about 5 gallons, the third time 15 gallons, and the fourth time he didn't get any, the witness not being home; that the liquor sold to the defendant was corn whisky testing 100 proof; that the witness tested it with a tester—a sort of glass tube with another inside, with numbers on it about the same as a thermometer. The witness then was shown the check marked 'Government's Identification 1,' and testified that the defendant had given it to him at the ranch some time in May, or the date it bears, April 29th; that it was written at the ranch by the defendant; that the check was given him for 15 gallons of liquor at $20 a gallon; that he had received some money from the defendant prior to that time, and the check was to balance the account; that he had borrowed money from defendant prior to that at different times, in amounts ranging from $15 to $140; that he got his materials for making the mash from different places; he bought one sack of sugar from the defendant; that the defendant came to his place and got the whisky; witness helped him to put it in the car and saw defendant drive away with the liquor, but does not know what he did with it; that it was 100 proof, fit for beverage purposes."

The witness further testified that he first talked to the defendant about whisky about the first of the year 1920; that defendant paid for the whisky he got, sometimes in money, sometimes by check; that before he delivered any whisky to the defendant he borrowed money from him on various occasions; that about May 3d he borrowed over $150; that the last delivery he made of whisky to the defendant was April 29th; that the first time he told the revenue officers that the defendant was the man who took the product of his still was when they came to his house on the 25th of May, when they asked him who he sold to, and he told them to the defendant.

[3] That the court below did not err in refusing to permit the wife of the defendant to be a witness, either for or against him, is clear. See Jin, Fuey Moy v. United States, 254 U. S. 189, 195, 41 Sup. Ct. 98, 65 L. Ed. 214.

No other point made on behalf of the plaintiff in error is worthy, in our opinion, of special mention.

The judgment is affirmed.